UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY TERRELL HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-01919-JCH |
| | ) | |
| EASTERN RECEPTION, DIAGNOSTIC | ) | |
| AND CORRECTIONAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Larry Terrell Howard for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court finds that it should be granted. Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a pro se litigant who was formerly incarcerated at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. He brings this action pursuant to 42 U.S.C. § 1983, naming the ERDCC as defendant.

Plaintiff states that in August 2017, while an inmate at the ERDCC, he placed an order with the canteen. (Docket No. 1 at 3). Apparently, the order was in the amount of $32.93. (Docket No. 1-1 at 3-4). Plaintiff alleges he never received this order. (Docket No. 1 at 3). He further claims

that he never received a refund before he was released in December 2017. Based on this, plaintiff is seeking $27,000 in damages. (Docket No. 1 at 5).

**Discussion**

Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983. In order to state a claim, he "must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). A plaintiff bringing a § 1983 action must include in his complaint "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Brooks v. Roy*, 776 F.3d 957, 960 (8th Cir. 2015).

The sole defendant named in the complaint is the ERDCC, an institution within the Missouri Department of Corrections. The Department of Corrections is a department of the State of Missouri. Thus, plaintiff's claim is actually against the State itself.

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983"). Because the State of Missouri is not a § 1983 "person," plaintiff cannot assert all the elements of a § 1983 claim. Therefore, this action must be dismissed for failure to state a claim.

Moreover, plaintiff's claim against the State of Missouri is barred by the doctrine of sovereign immunity. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on an un-consenting State from lawsuits brought in federal court by a State's own citizens or the citizens of another State. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment").

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id*. The second exception is when a State waives its immunity to suit in federal court. *Id*. at 65. A State will be found to have waived her immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987).

Neither of these exceptions are applicable in this case. Congress has not statutorily abrogated sovereign immunity, because the Supreme Court has determined that 42 U.S.C. § 1983 does not revoke a State's Eleventh Amendment immunity from suit in federal court. *See Will*, 491

U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). Furthermore, the State of Missouri has not waived immunity for the type of action brought by plaintiff. *See* Mo. Rev. Stat. § 537.600. Therefore, the defendant in this case is immune from suit.

**Motion for Appointment of Counsel**

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). The motion will be denied as moot as this action is being dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 20th day of November, 2019.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE